AO 91 (Rev. 08/09) Criminal Complaint

AUSA : Matthew Roth (313) 226-9186
Special Agent : Christopher Kiah 216-522-7434

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
LATASHA MARIE LONG

Case: 2:18-mj-30469
Assigned To : Unassigned
Assign. Date : 9/4/2018
Description: IN RE SEALED MATTER (BG)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 14, 2018__ in the county of __Washtenaw__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 111 | Assaulting, resisting, impeding certain officers. |

This criminal complaint is based on these facts:
See Attached Affiavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher Kiah, Special Agent, DHS/FPS
Printed name and title

Sworn to before me and signed in my presence.

Date: 9/4/18

City and state: Detroit, Michigan

_____
Judge's signature

Hon. David R. Grand, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Christopher Kiah, being first duly sworn, depose and state as follows:

### I.  INTRODUCTION

1.  I am a Special Agent with the Department of Homeland Security, Federal Protective Service ("DHS/FPS") and have been since January of 2016. I work in the Threat Management Branch in Cleveland, Ohio. I hold a Bachelor's of Science Degree with a major in Criminal Justice from Park University. I am a graduate of the Criminal Investigator Training Program and the Federal Protective Service Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. Previously, I worked as an Inspector for DHS/FPS and a Criminal Investigator for the United States Marine Corps Criminal Investigation Division.

2.  As a DHS/FPS Special Agent, I conduct investigations related to the protection of federal property, persons on such property, and federal employees. I frequently investigate violations of federal law, including violations of 18 U.S.C. § 111, assaulting, resisting, or impeding certain officers or employees.

3. I base this affidavit on my personal investigation and information provided by other sources, including other law enforcement officers.

4. The information set forth in this Affidavit is for the limited purpose of establishing probable cause and does not include all of the information known to law enforcement related to this investigation.

5. On August 16, 2018, I was assigned to the Latasha LONG (DOB: xx/xx/1978) investigation. On August 14, 2018, LONG assaulted Social Security Administration (SSA) employees in violation of 18 U.S.C. § 111.

## II.   SUMMARY OF THE INVESTIGATION

6. On August 14, 2018, at approximately 12:45 p.m., LONG entered the SSA office located at 3971 Research Park Drive, Ann Arbor, MI, seeking to discuss a cessation of benefits letter she received in the mail. LONG accessed a computer in the lobby of the SSA office and used her name and social security number to sign in. At approximately 1:08 p.m., LONG was screened by SSA staff, who determined LONG would need to meet with another SSA employee to discuss the matter.

7. At approximately 2:05 p.m., a SSA employee, Victim One (VC-1), called LONG to interview window seventeen. When LONG arrived at the window, VC-1 verified LONG's identity after requesting and reviewing LONG's State of Michigan Identification Card, which included a digital photograph of LONG and identifying information including LONG's name, date of birth, physical description, etc.

8. LONG told VC-1 she was there to discuss the cessation of her disability benefits. VC-1 advised LONG that her disability benefit payments were stopped after the SSA received information from the Internal Revenue Service (IRS) indicating LONG reported income on her recent tax returns, and the reported income was over the limit for someone receiving disability benefits. VC-1 further explained the matter was currently under review by SSA and that VC-1 would be unable to further help LONG until the review was complete.

9. LONG then began to verbally berate VC-1 by calling her "psycho" and "a mental", and also saying she was "sick" of VC-1, that she knew who VC-1 was, and was "not going to play" with VC-1.

10. VC-1 attempted to end the interview due to LONG's behavior and started to stand, while attempting to close the interview

3

window gate. LONG immediately stood and lunged through the interview window toward VC-1, while using both hands to forcefully swing a large binder towards VC-1's face. The binder struck VC-1 on the left and front side of her face. The binder was described by VC-1 as a twelve inch by fourteen inch pink "trapper keeper" binder, measuring approximately "three to four inches thick and completely stuffed with paperwork, to the point of bulging."

11. LONG then dropped the notebook and grabbed VC-1 by her sweater and began pulling VC-1 toward her while striking VC-1 in the face, upper torso, and arms, with her fists. LONG continued to strike and scratch VC-1 with her fists and hands, at which time another SSA employee, Victim Two (VC-2) ran over and placed herself between LONG and VC-1.

12. LONG continued to swing her arms and fists towards VC-1 and VC-2, until VC-2 started to close the interview window gate. LONG did not make physical contact with VC-2 during the incident. LONG used her arms and hands in an attempt to stop the interview window gate from closing. With the help of additional nearby SSA employees, VC-2 was able to close the interview window gate. LONG continued to

4

strike the interview window gate several times after its closure, before departing the area.

13. LONG's physical contact with VC-1 during the incident resulted in bodily injury to VC-1, including contusions and abrasions to the area around VC-1's eyes and left cheek, a laceration to VC-1's nose, scratches on VC-1's left forearm, a contusion on VC-1's right arm, and pain and swelling in the face, neck, and upper torso area. VC-1's injuries required medical evaluation and treatment at a local hospital.

14. VC-1 and VC-2 are employed by the SSA and were on official duty at the time of the incident.

15. The SSA maintains a video surveillance system for the office, which captured video of the aforementioned incident.

## III. CONCLUSION

16. Probable cause exists that Latasha Marie LONG did forcibly assault, resist, oppose, impede, intimidate, or interfere with officers/employees of the United States while they were engaged in the performance of their official duties, resulting in bodily injury, in violation of 18 U.S.C. § 111.

_____
Christopher Kiah
Special Agent, DHS/FPS

Subscribed and sworn to before
me this 4th day of September 2018.

_____
Honorable David R. Grand
United States Magistrate Judge